

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| United States of America<br>v.<br><br>William Sylvia<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. **15-0312SAG** |

FEB 19 2015

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 1, 2013 through July 13, 2014 in the county of Washington in the _____ District of Maryland, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Rachel Corn
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 18, 2015

_____
*Judge's signature*

City and state: Baltimore, Maryland

US Magistrate Judge, Stephanie A. Gallagher
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

15-0313SAG

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT & COMPLAINT

I, Rachel S. Corn, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Baltimore Division, Baltimore, Maryland, being duly sworn, depose and state as follows:

### PURPOSE OF THE AFFIDAVIT

1. This affidavit is made in support of an application for a search and seizure warrant to search the premises located at 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740, for evidence of violations of Title 18, United States Code, Sections 2252A(a)(2)(distribution and receipt of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography); as further described in Attachment A, which is incorporated by reference. The items to be seized pursuant to this warrant (and the manner of electronic forensic search) are described in Attachment B to this warrant, which is incorporated by reference.

2. This affidavit is also made in support of a criminal complaint and arrest warrant for William Sylvia ("SYLVIA"), age 71, 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740, for violation of Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography).

### AGENT BACKGROUND

3. I have been a Special Agent (SA) with the FBI since May 2006. Since September 2006, I have primarily investigated federal violations concerning child pornography and the sexual exploitation of children. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received FBI Crimes Against Children training, FBI Innocent Images Online Undercover training, and FBI Peer-to-Peer Network Online Investigation training. I have participated in the execution of

1

numerous search warrants, of which the majority have involved child exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of computers, cell phones, magnetic storage media for computers, other electronic media, and other items evidencing violations of federal laws, including various sections of Title 18, United States Code § 2252A involving child exploitation offenses. I have also participated in the execution of numerous search warrants for online accounts, such as email accounts, online storage accounts and other online communication accounts related to child exploitation and/or child pornography. In the course of my employment with the FBI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts.

4. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

5. The statements in this affidavit are based in part on information provided by Special Agents of the FBI and on my experience and background as a Special Agent of the FBI. Since this affidavit is being submitted for the limited purpose of securing a search warrant and criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Section 2252A(a)(2)(distribution and receipt of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B)(possession of child pornography), are presently located at 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740, including but not

limited to cell phones, computers, and computer related equipment, which are to be searched for the items listed in Attachment B.

## SUMMARY CONCERNING CHILD PORNOGRAPHY, PERSONS WHO POSSESS AND COLLECT CHILD PORNOGRAPHY AND HOW USE OF COMPUTERS AND THE INTERNET RELATES TO THE POSSESSION, RECEIPT AND DISTRIBUTION OF CHILD PORNOGRAPHY

6. Based on my investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who utilize the internet to view and receive images of child pornography are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals, including the following:

   a. Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

   b. Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

   c. Individuals who have a sexual interest in children or images of children frequently maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

   d. Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often

maintained for several years and are kept close by, usually at the collector's residence, or in online storage, email accounts or other online communication accounts, to enable the individual to view the collection, which is valued highly.

e. Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/collectors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. This data is typically in digital format, and often maintained on computers and in online storage, email accounts or other online communication accounts.

f. Individuals who would have knowledge on how to distribute and receive digital images of child pornography through the use of Peer to Peer networks and other online methods would have gained knowledge of its location through online communication with others of similar interest. Other forums, such as bulletin boards, newsgroups, IRC chat or chat rooms have forums dedicated to the trafficking of child pornography images. Individuals who utilize these types of forums are considered more advanced users and therefore more experienced in acquiring a collection of child pornography images.

g. Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been consistently documented by law enforcement officers involved in the investigation of child pornography.

7. Based on my investigative experience related to computer and internet related child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned the following:

a. Computers and computer technology have revolutionized the way in which child pornography is produced, distributed, and utilized. It has also revolutionized the way in which child pornography collectors interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies.) The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contact, mailings, and telephone calls. Any reimbursement would follow these same paths.

b. The development of computers and the internet have added to the methods used by child pornography collectors to interact with and sexually exploit children. Computers and the internet serve four functions in connection with child pornography. These are production, communication, distribution, and storage.

c. Child pornographers can now transfer photographs from a camera onto a computer-readable format. With the advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world. The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography.

d. Child pornography can be transferred via electronic mail or through file transfer protocols (FTP) to anyone with access to a computer and modem. Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "Instant Messaging"), easy access to the Internet, and online file sharing and storage, the computer is a preferred method of distribution and receipt of child pornographic materials.

e. The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Microsoft, Yahoo! and Google, Inc., Facebook, Dropbox, Instagram, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services, file exchange services, messaging services, as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Email accounts, online storage accounts, and other online communication accounts allow users to save significant amounts of data, including email, images, videos, and other files. The data is maintained on the servers of the providers, and is occasionally retained by the providers after the user deletes the data from their account.

f. In my recent investigative experience, as well as recent discussions with law enforcement officers, I know that individuals who collect child pornography are using email accounts, online storage accounts, and other online communications accounts to obtain, store, maintain, and trade child pornography with growing frequency, in addition to, or as an alternative to, the use of personal devices.

g. When a person "deletes" a file, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space that is, in space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space for long periods of time before they are overwritten.

h. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser

5

typically maintains a fixed amount of space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages.

   i.   The storage capacity of computers, hard drives, cellular telephones, and removable digital media has increased dramatically over the last few years. Common and commercially available hard drives are now capable of storing over 1 TB of data. With that amount of storage space, an individual could store thousands of video files and/or hundreds of thousands of image files.

   j.   Thus, the ability to retrieve residue of an electronic file depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits. Since storage for all digital devices has increased dramatically over the last several years, it is more likely that the above described information will be recovered during forensic analysis

   k.   In addition, computer files or remnants of such files can be recovered months or even years after they have been downloaded, deleted, or viewed via the Internet. Electronic files can be stored for years at little to no cost. Even when such files have been deleted, they may be recoverable months or years later using readily available forensic tools.

8.   Based on traits shared by collectors, the use of email, online storage accounts, and other online communication accounts, and the increased storage capacity of computers and server space over time, there exists a fair probability that evidence regarding the distribution, receipt and possession of child pornography will be found in the target residence notwithstanding the passage of time.

## PROBABLE CAUSE

9.   As part of an ongoing investigation into the distribution and production of child pornography, SA Daniel O'Donnell of the Violent Crimes Against Children (VCAC) Section, Major Case Coordination Unit of the FBI, located in Linthicum, Maryland, executed numerous federal search warrants on various email accounts. SA O'Donnell reviewed the results of the email accounts and determined that many of the emails in the accounts contained child pornography images and videos, child erotica images and videos, or text indicative of an interest in child pornography and child erotica.

10. One of the email accounts reviewed by SA O'Donnell was nickpedone443@yahoo.com. On October 18, 2013, SA O'Donnell executed a federal search warrant on the email account nickpedone443@yahoo.com. A review of the search warrant results provided by Yahoo revealed emails sent and received between the user of nickpedone443@yahoo.com and **adventurer4722@yahoo.com**. Examples of the emails sent and received are as follows:

    a. On April 1, 2013, the user of adventurer4722@yahoo.com sent the user of nickpedone443@yahoo.com an email containing 10 attached image files. The subject of the email was "pics from will" and the display name was Bill Sylvia. In the body of the email it is stated "I dont have many, but I hope you enjoy. Bill". I subsequently reviewed the 10 image files attached and concluded, based on my training and experience, that at least half of the image files contained visual depictions of minors engaging in sexually explicit conduct and are child pornography under 18 U.S.C. § 2256(8). In one image, the title of which is "-00 cool dudexxx (3).jpg," a naked prepubescent female is laying down with her legs spread opened, exposing her genitalia. The prepubescent female's hands are touching her genitals.

    b. On April 1, 2013, the user of adventurer4722@yahoo.com sent the user of nickpedone443@yahoo.com an email containing 1 attached image file. The subject of the email was "Re:" and the display name was Bill Sylvia. In the body of the email it is stated "your pics are so hot!!!!!! here is one of me at 5 sucking my dad.." I subsequently reviewed the 1 image file attached and concluded, based on my training and experience, that the image file contained visual depictions of a minor engaged in sexually explicit conduct and is child pornography under 18 U.S.C. § 2256(8). In the image, the title of which is "bill n dad.jpg," a naked prepubescent male is performing oral sex on an adult male.

    c. On April 16, 2013, the user of adventurer4722@yahoo.com sent the user of nickpedone443@yahoo.com 5 emails containing a total of 23 attached image files. I subsequently reviewed the 23 image files and concluded, based on my training and experience, that at least half of the image files contained visual depictions of minors engaging in sexually explicit conduct and are child pornography under 18 U.S.C. § 2256(8). In one image, the title of which is "55555.jpg," a naked prepubescent male is performing anal sex on a second naked prepubescent male while the second prepubescent male is performing oral sex on a third prepubescent male.

11. On September 4, 2014, a search warrant for the email account adventurer4722@yahoo.com was applied for and granted by Magistrate Judge Stephanie A.

Gallagher of the Northern District of Maryland. Yahoo provided the following subscriber information relating to the account:

| | |
|---|---|
| Login Name: | adventurer4722 |
| Full Name: | Bill Sylvia |
| Alternate Communication Channels: | 301-800-3465 |
| Registration IP address: | 24.153.126.51 |
| Account Created: | 09/03/2011 |
| Zip Code: | 21740 |
| Birthday: | September 5, 1943 |
| Gender: | Male |
| Account Status: | Active |

12. A review of the search warrant results provided by Yahoo revealed emails sent and received by adventurer4722@yahoo.com. Examples of the emails are as follows:

a. The seven emails between adventurer4722@yahoo.com and nickpedone443@yahoo.com with the attached images mentioned above were located.

b. On January 15, 2013, the user of adventurer4722@yahoo.com sent an email to another user. The user of adventurer4722@yahoo.com stated "Hello, My name is Bill, I live in Hagerstown, Maryland, USA, at the hotel where your sister works. I am a retired University professor. I am 69 years old, but feel much younger. I swim or ride a bicycle every day. I am a widower, living alone. If you wish to know more about me, feel free to ask. I am enclosing photos of myself. I wish you well. Bill". The email contained three attached pictures of the same adult male.

c. On September 23, 2013, a Yahoo chat between the user of adventurer4722 and another user discuss meeting. The user of adventurer4722@yahoo.com stated "ok, what time? We live in a Hotel suite on dual highway in Hagerstown..Rt 40..exit32B off I70..its the Clarion Hotel. suite 3000..use entrance E..if its locked call 301 800 3465 and one of us will come down and open the door."

d. On April 7, 2014, the user of adventurer4722@yahoo.com sent an email to another user. The user of adventurer4722@yahoo.com stated, in part, "I received your message, thank you for the reply. unfortunately I lost most of my best pics when my computer crashed last month. I hope I can retrieve them." The email was signed "Bill".

e. On July 13, 2014, the user of adventurer4722@yahoo.com received an email from another user which contained 6 attached images. I subsequently reviewed the 6 image files and concluded, based on my training and experience, that all of the image files contained visual depictions of minors engaging in sexually explicit conduct and are child pornography under 18 U.S.C. § 2256(8). In one image, the title of which is "3535.jpg," a naked

8

prepubescent female is touching an adult male's erect penis. The user of adventurer4722@yahoo.com replied to the email and stated, "You are a beautiful young lady..I love your budding breasts, would love to lick and suck them. send more and I will send you more...want to see your brother also."

13. Yahoo also provided a list of one IP address associated with the email account adventurer4722@yahoo.com for various dates and times. From approximately September 23, 2013, to August 31, 2014, all of the logins associated with the email account were from IP address 24.153.126.51.

14. A public database query determined that the IP address 24.153.126.51 was managed by Antietam. In November 2014, Antietam provided records which establish that between January 19, 2010, and November 24, 2014, which includes the dates and times the email messages mentioned above was sent and received, IP address 24.153.126.51 was assigned to: Clarion Hotel, 901 Dual Highway, Hagerstown, Maryland 21740, telephone number: 301.733.5100.

15. According to the Maryland Sex Offender Registry website, William Sylvia, born xx/xx/1943, is currently a registered sex offender. Sylvia was convicted of Sexual Abuse by Parent/Guardian/Custodian and Sexual Assault in the Third Degree in 2004 in West Virginia. The photograph on the registry website appears to be the same person described in paragraph 12(b) above.

16. On October 27, 2014, I contacted Washington County's Sex Offender Registrar Paula Kriner. Kriner advised that Sylvia registered his current address as 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740. Kriner advised that Sylvia registered the email address, adventurer4722@yahoo.com, as belonging to him. On October 30, 2014, Kriner conducted an address verification check for Sylvia at 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740. Sylvia was present during the address verification check.

## CONCLUSION

17. Based on the foregoing, I respectfully submit that there is probable cause to believe that:

    a. WILLIAM SYLVIA knowingly possessed and knowingly accessed with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography; and

    b. An individual who has access to 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740, which is more fully described in Attachment A, incorporated herein by reference, is involved in the distribution, receipt and possession of child pornography through the use of the internet, and that there is probable cause to believe that evidence of these crimes can be found in the premises known as 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740.

18. Further, there is probable cause to believe that evidence, fruits and instrumentalities of this crime, which are listed specifically in Attachment B, incorporated herein by reference, are presently located on the premises sought to be searched, 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740. Rule 41 of the Federal Rules of Criminal Procedure

authorizes the government to seize and retain evidence and instrumentalities of a crime for a reasonable time, and to examine, analyze, and test them.

19. The evidence, fruits and instrumentalities of violations Title 18, U.S.C. Sections 2252A(a)(5)(B) and 2252A(a)(2), are believed to be concealed at the subject residence, listed in Attachment A to this Affidavit, which are incorporated herein by reference, for the items described in Attachment B, which is incorporated herein by reference.

20. I, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the premises described in Attachment A.

_____
Special Agent Rachel S. Corn
Federal Bureau of Investigation

Sworn and subscribed before me this ____ day of February, 2015

_____
HONORABLE STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

15-0313SAG

## ATTACHMENT A

## DESCRIPTION OF PREMISES TO BE SEARCHED

901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740 (the SUBJECT PREMISES). The SUBJECT PREMISES to be searched is a hotel unit located at the Clarion Hotel/Rodeway Inn. The unit is located on the third floor of the Rodeway Inn, which has a red brick exterior. The numbers "Presidential Suite 3000" are located to the right of the door of the unit.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740

1. Computer(s), computer hardware, software, related documentation, passwords, data security devices (as described below), videotapes, and or video recording devices, and data that may constitute instrumentalities of, or contain evidence related to, this crime. The following definitions apply to the terms as set out in this affidavit and attachment:

   a. Computer hardware: Computer hardware consists of all equipment, which can receive, capture, collect analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Hardware includes any data-processing devices (including but not limited to cellular telephones, central processing units, laptops, tablets, eReaders, notes, iPads, and iPods; internal and peripheral storage devices such as external hard drives, thumb drives, SD cards, flash drives, USB storage devices, CDs and DVDs, and other memory storage devices); peripheral input/output devices (including but not limited to keyboards, printer, video display monitors, and related communications devices such as cables and connections), as well as any devices mechanisms, or parts that can be used to restrict access to computer hardware (including but not limited to physical keys and locks).

   b. Computer software is digital information, which can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

   c. Documentation: Computer-related documentation consists of written, recorded, printed, or electronically stored material, which explains or illustrates how to configure or use computer hardware, software, or other related items.

   d. Passwords and Data Security Devices: Computer passwords and other data security devices are designed to restrict access to or hide computer software, documentation or data. Data security devices may consist of hardware, software or other programming code. A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touches. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected date to make it inaccessible or unusable, as well as reverse the progress to restore it.

1

2. Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, U.S.C. § 2256(8).

3. Any and all correspondence identifying persons transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, U.S.C. § 2252A(a)(5)(B) & (b)(2) 2256(2).

4. Any and all records, documents, invoices and materials that concern any accounts with Verizon or any other Internet Service Provider, screen names, online accounts, or email accounts.

5. Any and all web cameras, cameras, film, cell phones with cameras and/or internet capability, or other photographic equipment.

6. Any and all visual depictions of minors, to include depictions of minors engaged in sexually explicit conduct, nude pictures, and modeling.

7. Any and all documents, records, or correspondence pertaining to occupancy, ownership or other connection to 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740.

8. Any and all diaries, notebooks, notes, address books, pictures, emails, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

9. Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

    a. Correspondence with children;
    b. Any and all visual depictions of minors;
    c. Internet browsing history;
    d. Books, logs, emails, chats, diaries and other documents.

As used above, the terms "records, documents, messages, correspondence, data, and

materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms. It also includes items in the form of computer hardware, software, documentation, passwords, and/or data security devices.

10. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, "COMPUTER") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    f. evidence of the times the COMPUTER was used;

    g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER; documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    h. contextual information necessary to understand the evidence described in this attachment; AND

    i. image and video files that depict children engaged in sexually explicit conduct pursuant to Title 18 U.S.C. § 2256.

11. With respect to the search of any of the items described in paragraphs 1 through 10 above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment

(including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, to minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

    a.    surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b.    "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.    "scanning" storage areas to discover and possible recover recently deleted files;

    d.    "scanning" storage areas for deliberately hidden files; or

    e.    performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

12.    If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography or other criminal activity, the further search of that particular directory, file or storage area, shall cease.